UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wen Jian Lu, individually and on behalf all other employees similarly situated, | |
| Plaintiff, | Case No. |
| - against - | **COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| Taco Hut Place, Inc., Taco Hut Inc., Bayside Taco Ltd., Yi Hua Lin, Peter Wang, Kuh Bin Wang, John Doe and Jane Doe # 1-10 | |
| Defendants. | |

Plaintiff Wen Jian Lu ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Taco Hut Place, Inc., Taco Hut Inc., Bayside Taco Ltd., Yi Hua Lin, Peter Wang, Kuh Bin Wang, John Doe and Jane Doe # 1-10 (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek and the spread of hours premium.

3.      Plaintiff allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum and overtime wages, (2) reimbursement for expenses relating to tools of the trade (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum and overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3)compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid "spread of hours" premium and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Wen Jian Lu is a resident of Queens and was employed as a delivery worker/ kitchen helper first by Taco Hut Inc., then by Bayside Taco Ltd. and finally by Taco Hut

Place, Inc.. Three corporations ran, for different period of time, the same Mexican restaurant that located at 32-67 Francis Lewis Boulevard, Bayside, NY 11358.

## DEFENDANTS

8.      Upon information and belief, Defendant, Taco Hut Inc. owned and operated a Mexican restaurant in located at 32-67 Francis Lewis Boulevard, Bayside, NY 11358.

9.      Upon information and belief, Defendant, Taco Hut Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Taco Hut Inc. purchased and handled goods moved in interstate commerce.

10.      Upon information and belief, Defendant Kuh Bin Wang, is the owner, officer, director and/or managing agent of Taco Hut Inc. at 32-67 Francis Lewis Boulevard, Bayside, NY 11358 and participated in the day-to-day operations of Taco Hut Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Taco Hut Inc.

11.      Upon information and belief, Defendant Kuh Bin Wang owns the stock of Taco Hut Inc.and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

12.      Upon information and belief, Defendant, Bayside Taco Ltd. owned and operated a Mexican restaurant in located at 32-67 Francis Lewis Boulevard, Bayside, NY 11358.

13.      Upon information and belief, Defendant, Bayside Taco Ltd. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Bayside Taco Ltd. purchased and handled goods moved in interstate commerce.

14.     Upon information and belief, Defendant Yi Hua Lin, is the owner, officer, director and/or managing agent of Bayside Taco Ltd. at 32-67 Francis Lewis Boulevard, Bayside, NY 11358 and participated in the day-to-day operations of Bayside Taco Ltd. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Bayside Taco Ltd.

15.     Upon information and belief, Defendant Yi Hua Lin owns the stock of Bayside Taco Ltd. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

16.     Upon information and belief, Defendant, Taco Hut Place Inc. owns and operates a Mexican restaurant in located at 32-67 Francis Lewis Boulevard, Bayside, NY 11358.

17.     Upon information and belief, Defendant, Taco Hut Place Inc. has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Taco Hut Place Inc. purchased and handled goods moved in interstate commerce.

18.     Upon information and belief, Defendant Peter Wang, is the owner, officer, director and/or managing agent of Taco Hut Place Inc. at 32-67 Francis Lewis Boulevard, Bayside, NY 11358 and participated in the day-to-day operations of Taco Hut Place Inc. and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Taco Hut Place Inc.

19.     Upon information and belief, Defendant Peter Wang owns the stock of Taco Hut Place Inc. and manages and makes all business decisions including but not limited to the amount

in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

20.     Upon information and belief, Defendants John Doe and Jane Doe # 1-10 are the owners, officers, directors and/or managing agents of Taco Hut Place, Inc., Taco Hut Inc., and/or Bayside Taco Ltd.at 32-67 Francis Lewis Boulevard, Bayside, NY 11358 and  participated  in the  day-to-day  operations  of  Taco Hut Place, Inc., Taco Hut Inc., and/or Bayside Taco Ltd, acted  intentionally  and  maliciously  and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2  and  the  regulations thereunder,  and  is  jointly  and  severally  liable  with Taco Hut Place, Inc., Taco Hut Inc., and/or Bayside Taco Ltd.

21.     Upon information and belief, Defendant John Doe and Jane Doe # 1-10 owns the stock of Taco Hut Place, Inc., Taco Hut Inc., and/or Bayside Taco Ltd manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. Id.

22.     At all times relevant herein, Taco Hut Place, Inc., Taco Hut Inc., and/or Bayside Taco Ltd were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

23.     At all relevant times, the work performed by Plaintiff was directly essential to  the business operated by Taco Hut Place, Inc., Taco Hut Inc., and Bayside Taco Ltd.

24.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned   overtime   compensation   and   spread-of-hour premiums, and failed to provide them wage notice at the time of hiring in violation of the NYLL.

25.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

26.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

27.     Defendants knew that the nonpayment of overtime pay, spread of hours pay, failure to provide the required wage notice at the time of hiring would injure Plaintiffs and similarly situated employees and violate state and federal laws.

### PLAINTIFF

28.     From June 2007 to December 11, 2015 Plaintiff Wen Jian Lu was hired by Defendants to work as a delivery-worker/kitchen helper for Defendants' restaurant located at 32-67 Francis Lewis Boulevard, Bayside, NY 11358.

**From June 2007 to February 8, 2015**

29.     During this period, Plaintiff worked six days per week with only Sunday off and his work schedule was the same from Monday to Saturday. Each day his schedule ran from 10:30 am to 11:20 pm with no break for twelve hours and fifty minutes (12. 50). Specifically, he would start his work day doing side work, first with transporting other employees to the restaurant, then with kitchen preparation works such as picking vegetables, peeling shrimp, taking out garbage, those side work normally would take him two hours. After the side work, Plaintiff would then work as delivery worker and finally end his work day transporting employees back to their home. Plaintiff thus worked seventy-seven (77) hours per week during this period.

**From March 10, 2015 to December 11, 2015**

30.     During this period, Plaintiff worked six days per week with only Monday off and his work schedule was the same from Tuesday to Sunday. Each day his schedule ran from 10:50 am to 11:00 pm with no break for twelve hours and ten minutes (12. 10). Plaintiff regularly had to work until 11:40 pm to finish his delivery duty. Plaintiff thus worked at least seventy-three (73) hours each week during this period.

31.     During all relevant periods, Regardless of Plaintiff's hours worked, Plaintiff was paid a fixed monthly rate of $ 1,500 ($346.2 weekly).

32.     During all relevant periods, Plaintiff was not required by the Defendants to punch time cards.

33.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

34.     Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

35.     The applicable minimum wage for the period of June 2007 through July 23, 2009 was $7.15 per hour.

36.     The applicable minimum wage for the period of July 24, 2009 through December 30, 2013 was $7.25 per hour.

37.     The applicable minimum wage for the period of December 31, 2013 to December 31, 2014 is $8.00 per hour.

38.     The applicable minimum wage for the period of December 31, 2015 to the present is $8.75 per hour.

39.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

40.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

41.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

42.     Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

43.     Defendants did not pay Plaintiff and other Class members' New York's "spread of hours" premium for every day in which he worked over 10 hours.

44.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

45.     Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

46.     Under the FLSA, the Plaintiff is entitled to a credit for expenses for tools of trade.

47.     The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

48.     Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in

order to deliver food to customers of Defendants. Specifically, Plaintiff was required to spend around $1,400 to $1,500 on purchasing vehicle, about $500 monthly on gas and approximately $2,000 to $3,000 per year on maintenance. Additionally, Plaintiff spent about $150 on parking each month and about $2,000 in total on tickets incurred in the process of performing delivery duty. Finally, Plaintiff spent about $1,000 each year on the insurance for the vehicle.

49.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

50.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

51.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

52.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

53.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

54.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

55.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

56.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

57.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.  Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d.Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

58.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

59.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

60.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

62.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

63.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

64.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

65.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

66.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

67.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage]

68.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.     At all relevant times, plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

70.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

71.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-

half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

74.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

75.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

76.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours  per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

77.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

78.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

79.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay]**

80.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

81.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

82.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

83.     Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Time Pay]**

84.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

85.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

86.     Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

87.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88.     The defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

89.     Due to the defendants' violation of the NYLL, § 195(1), the Plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

90.     The defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

91.     Due to the defendants' violation of the NYLL, § 195(3), the Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).'The defendants' NYLL

violations have caused the Plaintiffs irreparable harm for which there is no adequate remedy at law.

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement]

92.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

93.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

94.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

91.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
### [Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]

95.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

96.     At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

97.     Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is $3,600 for electronic bicycles and maintenance and $4,600 for a motorcycle and maintenance.  At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

98.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

**COUNT VIIII**
**[Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]**

99.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.     NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

101.     Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

102.     Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3).

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)       Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)       Certification of this case as a collective action pursuant to FLSA;

c)       Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

d)       A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)       An injunction against Taco Hut, Inc., Bayside Taco Ltd., Taco Hut Place, their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)       An award of unpaid overtime wages due under FLSA and New York Labor Law plus compensatory and liquidated damages in the amount of twenty five percent under

NYLL §§190 et seq., §§650 et seq., and one hundred percent after June 26, 2009 under NY Wage Theft Prevention Act, and interest;

g)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

h)     An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

i)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

j)     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)     The cost and disbursements of this action;

m)     An award of prejudgment and post-judgment fees;

n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York  December 15, 2015     HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Taco Hut Place Inc., Taco Hut Inc., Bayside Taco Ltd., Yi Hua Lin, Peter Wang, Kuh Bin Wang, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

WEN JIAN LU
Full Legal Name (Print)

Wen Jian Lu
Signature

12-14-15
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   Kuh Bin Wang,

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Wen Jian Lu, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Taco Hut, Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: December 15, 2015

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   Yi Hua Lin

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Wen Jian Lu, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Bayside Taco Ltd. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: December 15, 2015

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICESRENDERED**

TO:   Peter Wang

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that that Wen Jian Lu, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Taco Hut Place Inc..for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: December 15, 2015

# EXHIBIT 3

**DEMANDBY EMPLOYEES TOINSPECTSHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   Taco Hut Place, Inc.

     32-67 Francis Lewis Boulevard, Bayside, NY 11358.

     PLEASE TAKE NOTICE, that Wen Jian Lu and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

     Dated: December 15, 2015

**DEMANDBY EMPLOYEES TOINSPECTSHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   Taco Hut Inc.

32-67 Francis Lewis Boulevard, Bayside, NY 11358.

PLEASE TAKE NOTICE, that Wen Jian Lu and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to themas laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: December 15, 2015

**DEMANDBY EMPLOYEES TOINSPECTSHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   Bayside Taco Ltd.

     32-67 Francis Lewis Boulevard, Bayside, NY 11358.

     PLEASE TAKE NOTICE, that Wen Jian Lu and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

     HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

     Dated: December 15, 2015